UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., Booking No. 197347785,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 3:19-cv-01305-JAH-MDD<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, David B. Turner, Jr., currently detained at George F. Bailey Detention Facility, in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Turner claims the United States of America, "M.T.S. Universal Security," the State of California, and both the County and City of San Diego, used unreasonable force against him while effecting his arrest at a trolley station on October 13, 2018. (*See id.* at 1-3.) On October 22, 2018, he further claims to have been unlawfully seized by "County Mental

Health" in Old Town, transported unconscious to the Central Jail, and thereafter denied medical help for a broken hand. (*Id.* at 5.) Turner seeks his release from custody and $7 million in "cash money." (*Id.* at 16.)[1]

Turner has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).

**I.  Motion to Proceed IFP**

A.  Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred

---

[1] The Court takes judicial notice of its own dockets on PACER which show Turner has filed more than two dozen similar cases over the course of the last ten years, most of them alleging excessive force and the denial of medical care, and seeking monetary relief from the City and County of San Diego, County Sheriff's Department officials, and the Metropolitan Transit Authority. *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=5e241cb6031a44e693df380acfc3b0c4 (last visited Aug. 23, 2019).

from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

The Court has reviewed Turner's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Turner claims unidentified City, County and Metropolitan Transit Authority officers used unreasonable force while effecting two separate arrests more than ten months

ago, and that afterward unnamed Central Jail officials gave him "no medical help" for his wrist, which he admits was broken and already in a cast at the time he was first apprehended by "trolley police" on October 13, 2018. (*See* Compl., ECF No. 1 at 3, 5.)

Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *see also Bontemps v. Smith,* No. CV 15-8226-JFW (SP), 2016 WL 10894023, at *3 (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison, occurring more than a year before filing insufficient to satisfy 28 U..S.C. § 1915(g)'s exception for imminent danger of serious physical injury), *aff'd*, 708 F. App'x 360 (9th Cir. 2017); *Thomas v. Ellis*, No. 12-CV-05563-CW (PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding no "imminent danger" where prisoner's injuries occurred before incarceration); *see also Stewart v. Lystad*, No. 2:16-CV-01439-BHS-JRC, 2016 WL 6816278, at *3 (W.D. Wash. Oct. 14, 2016) (finding prisoner's claims of "intractable" foot pain, and an alleged inability to "work out, fall asleep, work, stand for long periods or walk long distances" insufficient to satisfy § 1915(g)'s exception based on "imminent danger"), *report and recommendation adopted*, No. C16-1439 BHS, 2016 WL 6805339 (W.D. Wash. Nov. 17, 2016); *Balzarini v. Lewis*, 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing prisoner was receiving medical treatment for his chronic pain, but that he disagreed with the type of medication the medical staff was prescribing for him was insufficient to show an imminent danger of serious physical injury); *Stephens v. Castro*, 2006 WL 1530265, *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under Section 1915(g)); *Gonzales v. Castro*, No. 1:09-cv-1545-AWI-MJS-PC, 2010 WL

2471030 at *2 (E.D. Cal. June 9, 2010) (finding prisoner's allegations of retaliation insufficient to "constitute a real danger ... or even an ongoing threat" of "serious physical injury" under § 1915(g)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own dockets, the Court finds that Plaintiff David B. Turner, Jr., currently identified under San Diego County Booking No. 197347785, and previously identified under San Diego County Sheriff's Department Booking No. 13719099, Booking No. 15780644, and CDCR Inmate #G-30643, while incarcerated, has had at least five prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Turner v. Metropolitan Transit System, et al.*, Civil Case No. 3:09-cv-00770- L-POR (S.D. Cal. Nov. 11, 2009) (Order denying amended motion to proceed IFP and dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)) (ECF No. 6) (strike one);

///

(2) *Turner v. Corporal Saunder (7294), et al.*, Civil Case No. 3:13-cv-01368-MMA-DHB (S.D. Cal. June 18, 2013) (Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b) and denying motion to proceed IFP as moot) (ECF No. 3) (strike two);

(3) *Turner v. County of San Diego, et al.*, Civil Case No. 3:13-cv-2288-LAB-RBB (S.D. Cal. July 11, 2014) (Order sua sponte dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b) (ECF No. 7); (Nov. 11, 2014, 9th Circuit USCA, No. 14-56249) (Order denying appellant's motion to proceed IFP "because we find that there is no non-frivolous issue presented in this appeal") (ECF No. 13) (strike three);

(4) *Turner v. San Diego County, et al.*, Civil Case No. 3:13-cv-02729-JLS-PCL (S.D. Cal. Nov. 19, 2014) (Order granting IFP and sua sponte dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)) (ECF No. 13); (March 20, 2015 Order dismissing case in its entirety for failing to state a claim pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and for failing to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with Court Order requiring amendment) (ECF No. 14) (strike four);[2] and

(5) *Turner v. San Diego County, et al.*, Ninth Cir. Ct. Appeal Case No. 15-55544 (July 30, 2015 Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous") (Dkt. No. 4) (strike five).[3]

Accordingly, because Plaintiff has, while incarcerated, accumulated at least four "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055;

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[3] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

*Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: August 27, 2019

Hon. John A. Houston
United States District Judge